## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSEPH C. VERSTYNEN II,

                    Petitioner,


          v.                          CASE NO. 05-3291-SAC

PHILL KLINE,
Attorney General, et al.,

                    Respondents.

### MEMORANDUM AND ORDER

This petition for writ of habeas corpus was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF) pursuant to 28 U.S.C. 2254. However, the court construed it as an action under 28 U.S.C. 2241, because petitioner challenges execution of his state sentence by the Kansas Department of Corrections (KDOC). An order to show cause issued, respondents filed a Motion to Dismiss, and petitioner filed a response (Doc. 7). Having considered all materials filed, the court finds as follows.


### CLAIMS

Petitioner claims his sentences have not been correctly calculated by the KDOC, and he is being confined beyond their expiration. The allegations he makes in support of this claim are not always clear or factual. He alleges that the first of his two consecutive sentences began on September 20, 1988, and he served the subsequent five years to September 20, 1993. He asserts this "fulfilled the statutory requirements of K.S.A. 22-3718 for mandatory release (conditional release)" on his first

sentence, and he is forever entitled to this original conditional release date on that sentence.  He points out that conditional release is mandatory under K.S.A. 22-3718.  Building upon these assertions, he alleges his "first sentence . . . was served to expiration" five years after the conditional release date, on September 20, 1998[1].  He further claims service of his second sentence should have begun on September 20, 1993, and his conditional release date on this sentence should have been five years later on September 20, 1998.  He thus contends the maximum expiration date for his second sentence "would be no later than five years after September 20, 1998, or September 20, 2003;" and that he has been held illegally since then.  He generally asserts his continued incarceration is in violation of state and federal law as well as his constitutional rights to due process and equal protection.  He specifically claims the KDOC's failure to properly apply K.S.A. 21-4608(f)(4), K.S.A. 22-3718 and K.S.A. 22-3725 has lengthened the time to be served on his sentence.

Respondents filed a Motion to Dismiss in which they allege the instant Petition should be dismissed with prejudice as not timely filed, and/or without prejudice for failure to exhaust state remedies on all petitioner's habeas claims.  In response to the Motion to Dismiss, Verstynen states his Petition is timely and he has fully exhausted his state remedies.

---

[1]     Petitioner alleges he "remained incarcerated and/or legal custody of the KDOC for five (5) years from September 20, 1993 to September 20, 1998," even though he also alleges he was paroled in 1992 and violated parole in 2000.

**FACTS**

In 1986, petitioner was convicted of aggravated incest in Sedgwick County District Court (Case No. 86-CR-1118), and sentenced to an indeterminate term of 3 to 10 years. The sentence was suspended, and he was released on probation. While on probation, petitioner committed a new crime and was convicted of aggravated incest in Sedgwick County District Court (Case No. 88 CR 1840). The new sentence was the basis for revoking his probation, so service of his 1986 sentence did not begin until September 1988. He was sentenced in the second case to another indeterminate term of 3 to 10 years. The 1988 sentence was ordered to be served consecutive to the 1986 sentence. These sentences were aggregated by the Kansas Department of Corrections to an indeterminate sentence of 6 to 20 years.

Verstynen alleges he was released on parole, presumably from his aggregate term, in 1992. He states this was "4 years, 1 month and 8 days after his sentence begins date of September 19, 1988, for case #86CR1118." He further alleges his "parole was violated" on March 14, 2000. However, he also alleges he was credited with all time served on parole and has never suffered any loss of good time[2]. He states he has "served a total time of 16 years and 9 months."

---

[2]    Under K.S.A. 21-4608(f)(5), where sentences are imposed to be served consecutive to sentences for which a prisoner has been on some form of supervised release, time spent on such release is not credited as service on the aggregate sentence in determining conditional and maximum release dates. Id.; Thomas v. Hannigan, 27 Kan.App.2d 614, 617 (Kan.App. 2000). This makes Verstynen's allegations that he has never lost any street time or other good time credit dubious. However, he does not challenge any forfeiture of sentence credit.

## PROCEDURAL HISTORY

Petitioner filed a prior civil rights action in this court challenging revocation of his state parole, which was dismissed without prejudice in 2002. Verstynen v. Simmons, Case No. 02-3132 (D. Kan. June 12, 2002). The order of dismissal in our prior case indicated that on May 1, 2001, Verstynen had filed a petition pursuant to K.S.A. 60-1501 in the Norton County District Court challenging parole revocation, which was still pending. Verstynen eventually appealed this state action to the Kansas Court of Appeals (KCOA), which dismissed the appeal on November 26, 2003. Verstynen v. Shelton, 79 P.3d 976 (Kan.App.; No. 90,594; Nov. 26, 2003; Table). Respondents state in a footnote in their Motion to Dismiss that there is no record of any action by Verstynen in the state appellate courts "until 2002, when petitioner appealed the denial of a state habeas petition challenging the aggregation of his sentences." This denial was affirmed by the KCOA on May 16, 2003, in Verstynen v. Shelton, 68 P.3d 652 (Kan.App., Case No. 89,557, Table).

In October, 2004, the KCOA affirmed the summary dismissal by the Reno County District Court of another 1501 petition filed by Verstynen (Case No. 04-CV-34). Verstynen II v. Bruce, 98 P.3d 304, 2004 WL 2238830 (Kan.App., Oct. 1, 2004, Table). Therein Verstynen argued, as he does here, that he has served his maximum sentence and should have been released in September, 2003. The KCOA found petitioner's claim was governed by Anderson v. Bruce, 274 Kan. 37, 50 P.3d 1 (Kan. 2002), which held that, even though each of Anderson's sentences retained their individual identity

4

for determining eligibility for conversion under the sentencing guidelines, Anderson was not entitled to have his sentences unaggregated for sentence calculation purposes. The KCOA ruled the KDOC had not erred in its calculation of Verstynen's aggregated sentences. A Petition for Review was denied by the Kansas Supreme Court on March 1, 2005.

Petitioner filed other state actions in 2004. On-line records of the Kansas Appellate Courts also indicate petitioner litigated another 1501 petition in Reno County District Court in Case No. 05-CV-318. Petitioner's notice of appeal was filed in this pending case on November 1, 2005. This procedural history recounted in respondents' Motion to Dismiss is not contradicted by petitioner.

## STATUTE OF LIMITATIONS

28 U.S.C. 2244(d)(1) provides a one-year period of limitations within which a state prisoner must file his or her application for federal habeas corpus relief. In support of respondents' argument that the Petition in this case is time-barred under Section 2244(d)(1), they correctly allege that since petitioner's consecutive sentences were imposed and aggregated in 1988 prior to enactment of this statute, the limitations period in this case began running on the effective date of the statute. See Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998). They further correctly allege that Verstynen was required to file his federal Petition challenging computation of his sentences within one year of April 24, 1996, unless there was statutory or

equitable tolling.  Id.

     Petitioner seems to think that since he challenges execution of his sentences rather than their validity the statute of limitations argument is frivolous.   However, Section 2241 petitions challenging the execution of a state sentence are subject to the one-year limitations period of 28 U.S.C. 2244(d)(1)("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").   See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).

     Petitioner has not met his burden of alleging facts in his Petition or response establishing that he diligently pursued his claims during the limitations period, or that extraordinary circumstances beyond his control caused his failure to file his federal Petition within that period.   Petitioner responds he was unaware that he had not been discharged from his first sentence until he was denied release on September 20, 2003, and that he started court action at that time.   He states his "final state court action was on March 1, 2005," and his federal Petition filed on June 28, 2005, was timely.   Respondents allege Verstynen is charged with knowledge of the aggregation of his 1986 and 1988 sentences and the effects of the Kansas statutes and regulations governing aggregated sentences from the time of his sentencing in 1988.

     Section 2244(d)(1)(D) pertinently provides that the limitations period runs from "the date on which the factual predicate of the claim" presented "could have been discovered

through the exercise of due diligence." This court finds the factual predicate for petitioner's claim "could have been discovered through the exercise of due diligence" in 1988. The court therefore finds that the statute of limitations began running in this case on April 24, 1996. Respondents allege, and Verstynen does not refute, that he did not properly file any state post-conviction actions challenging computation of his state sentences prior to April 24, 1997, and none until 2001. Thus, the 1-year limitations period expired nearly 4 years before petitioner initiated state action which could have statutorily tolled it. Actions filed by petitioner in state court in 2001, 2002, 2003, 2004 and 2005 had no tolling effect on the limitations period, since it had expired years before. The court concludes petitioner's claim that his sentences are being illegally executed was not timely filed and must be dismissed as time-barred.

**EXHAUSTION OF STATE REMEDIES**

Respondents also argue that petitioner has not exhausted state court remedies on all his challenges to his state custody. They assert that this Petition should be dismissed without prejudice on account of Verstynen's failure to exhaust. In support, they refer to his state petition filed in the Reno County District Court in Case No. 05-CV-0318 challenging the revocation of his parole, which was denied but is presently on appeal to the Kansas appellate courts. Respondents argue, among other things, that since federal law bars second or successive

federal habeas petitions the issues raised in his pending state action will likely be barred from future review by the federal court.

A state prisoner's claim of entitlement to immediate release based on allegations of improper parole revocation should be brought as an application for a writ of habeas corpus under 28 U.S.C. 2241 because it is an attack on sentence execution. See Reed v. McKune, 298 F.3d 946, 953 (10th Cir. 2002); Montez, 208 F.3d at 865; McIntosh v. U.S.Parole Commission, 115 F.3d 809, 812 (10th Cir. 1997). State remedies must be exhausted before a federal application raising such a claim may be brought. 28 U.S.C. 2254(b)(1)(A); Montez, 208 F.3d at 866. Petitioner apparently has not exhausted state remedies on his parole revocation claim since he has a state action pending on it.

However, this court declines to decide this exhaustion issue. Petitioner has clearly exhausted his state court remedies on his claims regarding computation of his 1986 and 1988 consecutive sentences. The instant Petition is not "mixed" because Verstynen has not raised his parole violation claim in this action. Furthermore, it is not clearly established that a second or successive 2241 petition filed by a state prisoner is limited by 28 U.S.C. 2244(a)- which by its own terms applies to habeas corpus applications filed by people in custody "pursuant to a judgment of a court of the United States." Moreover, subsections (b)(1) and (2) of Section 2244 requiring dismissal of "second and successive" habeas corpus applications brought under 28 U.S.C. 2254 do not mention 2241 applications. Rather, petitioner would

probably face dismissal under the abuse of writ doctrine.  <u>See</u> <u>George v. Perrill</u>, 62 F.3d 333, 334-35 (10th Cir. 1995).  That fact does not excuse the untimeliness of the claim raised in this Petition.

**<u>MERITS OF SENTENCE COMPUTATION CLAIM</u>**

The court also need not decide the merits of petitioner's claims, since the Petition is time-barred.  However, the court notes in passing that petitioner's claims do not appear to have merit.  The federal writ of habeas corpus "shall not extend to a prisoner unless" he is "in custody in violation of the Constitution or laws" of the United States.  28 U.S.C. 2241(c)(3).  The computation or aggregation of multiple state sentences and the effects of probation and parole violations are matters governed by state statutes and regulations.  Thus, they involve questions of state law, which are not proper grounds for federal habeas corpus relief under Section 2241.  <u>See</u> <u>Overturf v. Massie</u>, 385 F.3d 1276, 1279 (10th Cir. 2004); <u>Montez</u>, 208 F.3d at 865.

Moreover, petitioner's factual allegations are inadequate to state a claim for federal habeas corpus relief.  To state a claim under Section 2241 based upon incorrect sentence computation, a habeas petitioner has the burden of clearly showing or stating to the court how his sentence has been calculated by prison authorities, what particular calculations he asserts are erroneous, and the reasons and or authority for his assertions.  Copies of an inmate's attempts at resolution through prison

grievance procedures[3] should considerably aid this process. Sentence computation is a matter particularly within the expertise of prison authorities, and to obtain judicial review the habeas petitioner must show that the agency's actions have been arbitrary and capricious to the extent that his federal constitutional rights have been violated. It is not the province of this court to gather state regulations and sentencing data not supplied by petitioner and study and apply the laws to the data to check the accuracy of the agency's sentence calculations upon a conclusory claim of error.

Verstynen does not even reveal what date the KDOC has calculated as his maximum release date[4]. He does not allege facts which indicate the KDOC applied any of the relevant statutes in a manner contrary to the language of those statutes or amounting to a denial of due process. He merely states how he wishes his time would be calculated - with conditional and maximum release dates for each individual sentence rather than new dates based only upon the aggregate term, and with no consideration of his probation and parole violations. Then, he generally asserts that state and federal laws so require.

Petitioner has alleged no facts whatsoever indicating a denial of equal protection. He does not state that other

---

[3]      The State's appellee brief filed in one of petitioner's state habeas actions indicated petitioner raised his claims in administrative grievances in 2001 and 2003. He has not provided copies of administrative filings or rulings pertaining to this case.

[4]      In his brief to the KCOA on appeal of the denial of his 1501 petition challenging sentence computation in Reno County District Court, available on Westlaw, petitioner stated that according to his Inmate Data Summary Sheet his maximum expiration date for his aggregate sentence was September 20, 2008. Verstynen II v. Bruce, 98 P.3d at 304.

prisoners are having their sentences calculated in a different, more beneficial manner.  Instead, he alleges countless other prisoners are also having their sentences calculated incorrectly.

Finally, the statutes cited by petitioner do not support his claims.  K.S.A. 22-3718 governs conditional release and provides:

> Upon release, an inmate who has served the inmate's maximum term or terms, less such work and good behavior credits as have been earned, shall be subject to such written rules and conditions as the Kansas parole board may impose, until the expiration of the maximum term or terms for which the inmate was sentenced or until the inmate is otherwise discharged. . . .

K.S.A. 22-3725, cited by petitioner, contains a "GOOD TIME TABLE" for individual crimes committed prior to July 1, 1993; and provides that "for the purpose of determining an inmate's eligibility for parole or conditional release . . . good time credits shall be allocated" according to the table.  For example, the table indicates an inmate with a maximum sentence of 20 years may earn good time credits of 10 years and must serve 10 years.

Only K.S.A. 21-4608(f) specifically pertains to multiple sentences[5].  It pertinently provides that "in calculating the time to be served on concurrent and consecutive sentences, the following rules shall apply."  Subsection (4) is relied upon by petitioner:

> When indeterminate sentences are imposed to be served consecutively to sentences previously imposed in any other court or the sentencing court, the aggregated minimums and maximums shall be computed from the

---

[5]     Petitioner has been informed several times that through K.S.A. 21-4608, the Kansas legislature mandated consecutive sentences and harsher penalties for crimes committed by a defendant while on parole or conditional release.  See Thomas, 27 Kan.App.2d 617.  As the United States Supreme Court observed, "almost all states have habitual offender statutes, and many states provide . . . for specific enhancement of subsequent sentences on the basis of prior convictions."  Garlott v. Fordice, 515 U.S. 39, 45 (1995).

effective date of the subsequent sentences which have been imposed as consecutive. For the purpose of determining the sentence begins date and the parole eligibility and conditional release dates, the inmate shall be given credit on the aggregate sentence for time spent imprisoned on the previous sentences, but not exceeding an amount equal to the previous minimum sentence less the maximum amount of good time credit that could have been earned on the minimum sentence. For the purpose of computing the maximum date, the inmate shall be given credit for all time spent imprisoned on the previous sentence. . . .

K.S.A. 21-4608(f)(4).

None of these statutes provides that petitioner is entitled to maintain his original conditional or mandatory release dates on his first of multiple, consecutive sentences. Petitioner is not entitled to have his aggregated sentences computed in accord with state laws governing individual sentences. K.S.A. 21-4608(f)(4), cited by petitioner, expressly requires that multiple sentences be aggregated[6] for specific purposes. One purpose mentioned in the statute is the calculation of an inmate's maximum date. Carnes v. Hanningan, 27 Kan.App.237, 3 P.3d 548 (Kan.App. 1999).

The court concludes this Petition was not filed within the statute of limitations set forth in 28 U.S.C. 2244(d)(1), and must be dismissed as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED that respondents' Motion to Dismiss (Doc. 5) is sustained, this action is dismissed as**

---

[6] Verstynen insists that he does not seek to have his sentences unaggregated. However, that is precisely what he is seeking by arguing he is entitled to the original conditional and mandatory release dates on his first sentence and other conditional and mandatory release dates calculated only upon his second sentence. And, in fact, it is what he argued in his brief before the Kansas appellate courts. He expressly complained of the KDOC's determination of only one conditional release date, and its aggregation of his two sentences for purposes of their computations.

**time-barred, and all relief is denied.**

**IT IS SO ORDERED.**

Dated this 12th day of January, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge